DUGAN, J.[1]
¶ 1 Terry Terrell Anderson pro se appeals postconviction orders entered in this action.[2]
¶ 2 After entering a guilty plea in this case, Anderson was convicted of misdemeanor battery and misdemeanor disorderly conduct, both as a habitual criminality repeater. At sentencing, the trial court granted Anderson accrued sentence credit, although the trial court was aware that Anderson faced revocation proceedings in a prior action, the 4230 action. The Wisconsin Department of Corrections (DOC) subsequently informed the trial court that such credit was applied on April 4, 2017, to Anderson's sentence in the 4230 action because his extended supervision was revoked and he was reconfined on the original sentence. As a result, the trial court entered an order amending the judgment of conviction to eliminate the sentence credit. Anderson then filed a motion for reconsideration in this action. The reconsideration court denied the motion.
¶ 3 On appeal, Anderson asserts that (1) he was entitled to the sentence credit, (2) he was not given dual sentence credit, (3) misapplication of the law deprived him of his sentence credit, and (4) the error was not harmless. We disagree and, therefore, affirm.
BACKGROUND
¶ 4 The court begins by providing some background facts.
The 4230 Action
¶ 5 On January 9, 2015, Anderson was convicted in the 4230 action of being a felon in possession of a firearm and possession of narcotic drugs, and was sentenced to prison. After serving the initial confinement portion of that sentence, Anderson was released from prison on August 5, 2016, to serve the two-year extended supervision portion of his sentence.
¶ 6 On November 28, 2016, Anderson was taken into custody by DOC for violation of the terms of his extended supervision in the 4230 action, based on a November 28, 2016 incident involving battery, disorderly conduct, and misdemeanor witness intimidation of the victim. That incident ultimately formed the basis for the charges in this action, 5479.
This Action
¶ 7 On December 8, 2016, Anderson was charged in this case with substantial battery, disorderly conduct, and misdemeanor witness intimation, all as a habitual criminality repeater. The charges arose out of the November 28, 2016 incident.
¶ 8 On March 9, 2017, Anderson plead guilty to misdemeanor battery and misdemeanor disorderly conduct, both as a habitual criminality repeater. The witness intimidation charges were dismissed.
¶ 9 At the March 15, 2017 sentencing, the State advised the trial court that a revocation hearing had occurred in the 4230 action, but the results were not known yet. The revocation hearing was based on the same facts involved in this case arising from the November 28, 2016 incident. The State also outlined the circumstances underlying the current charges against Anderson, his criminal history which included seven prior convictions, and requested that any sentence the trial court imposed run consecutive to any other sentence, including the sentence in the 4230 action if Anderson was revoked.
¶ 10 Trial counsel also addressed the trial court regarding Anderson's sentence and requested that the trial court grant 106 days of sentence credit, indicating that, although the revocation hearing had been conducted the preceding day, Anderson's extended supervision might not be revoked.
¶ 11 After stating its reasons for the sentence on the record, the trial court sentenced Anderson to one year of initial confinement and one year of extended supervision for the battery, and one year of initial confinement with one year extended supervision for the disorderly conduct. The trial court ordered that those sentences be "consecutive to each other and to any other sentence." The trial court also gave Anderson 106 days of sentence credit, applicable to the battery.
Revocation
¶ 12 Anderson's extended supervision was subsequently revoked and the DOC applied the 106 days of sentence credit to his sentence in the 4320 action.
¶ 13 In August 2017, the DOC sent a letter to the trial court explaining that because the sentence in this action was made consecutive to any other sentences, granting credit in this case would duplicate the credit previously granted which is not permitted pursuant to State v. Boettcher , 144 Wis. 2d 86, 423 N.W.2d 533 (1988).
Postconviction Proceedings
¶ 14 In response to the DOC letter, the trial court issued an order amending the judgment of conviction by reducing the 106-day sentence credit in this case to zero. The trial court explained that Anderson received credit on April 4, 2017 for the 106-day period toward the reconfinement term ordered in the 4230 action. It also stated that the fact that the revocation/reconfinement occurred after the sentencing in this case was irrelevant for purposes of applying sentence credit. The trial court stated that the sentence in the 4230 action "was imposed previously, and therefore, the credit must be applied to that case." An amended judgment was entered.
¶ 15 Anderson filed a postconviction motion in this action requesting reconsideration. As stated, the reconsideration court entered an order denying the motion. The order states that because Anderson had received credit for the period from November 30, 2016 through March 15, 2017, towards his sentence in the 4230 action, "the [trial] court acted well within its authority when it vacated duplicate credit for this period" in this action. This appeal followed.
DISCUSSION
¶ 16 While Anderson lists four issues on appeal, this matter presents the single issue of whether Anderson was entitled to sentence credit under WIS. STAT . § 973.155(1)(a). Whether a defendant is entitled to sentence credit under § 973.155 is a question of law that we review independently of the trial court. See State v. Lange , 2003 WI App 2, ¶ 41, 259 Wis. 2d 774, 656 N.W.2d 480.
¶ 17 WISCONSIN STAT . § 973.155(1)(a) states "[a] convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed." The time for which an offender is entitled to receive credit includes custody that "is in whole or in part the result of a[n] ... extended supervision ... hold ... placed upon the person for the same course of conduct as that resulting in the new conviction." Sec. 973.155(1)(b).
¶ 18 The record establishes that Anderson was serving the extended supervision portion of his sentence in the 4230 action when he was arrested on November 28, 2016. Anderson acknowledges that he received credit for the 106 days in the 4320 action however argues that he is also entitled to the 106 days of credit in this case. His argument is contrary to controlling case law on the issue.
¶ 19 In Boettcher , the Wisconsin Supreme Court held that a defendant is not entitled to receive dual credit on a consecutive sentence. Id. , 144 Wis. 2d at 87. "Credit is to be given on a day-for-day basis, which is not to be duplicatively credited to more than one of the sentences imposed to run consecutively." Id. Boettcher further states that "[f]or ease in calculation and clarity in respect to subsequent exercise of court discretion, the credits should be applied to the sentence that is first imposed." Id . at 100.
¶ 20 In this case, the trial court expressly stated that the sentences that it was imposing in this case were "consecutive to each other and to any other sentence." Thus, the case is controlled by Boettcher .[3]
¶ 21 Anderson argues Boettcher is distinguishable because his sentence in this case was imposed prior to revocation. However, as of the date of his November 28, 2016 arrest, Anderson was serving the extended supervision component of his sentence in the 4230 action. See WIS. STAT. § 973.01(2) (a bifurcated sentence consists of a term of confinement in prison followed by a term of extended supervision). Anderson was sentenced in the 4230 action before he was sentenced in this case. Therefore, we conclude that the trial court and reconsideration court correctly determined that Anderson should not receive any additional sentence credit in this case.[4]
CONCLUSION
¶ 22 For the reasons stated, we affirm the postconviction orders.
By the Court .-Orders affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(e) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

The Honorable Michael J. Hanrahan presided over the trial court proceedings in this action, Milwaukee County Circuit Court case No. 2016CF5479 (the "5479 action"), and entered an order amending the judgment of conviction. The Honorable T. Christopher Dee presided over portions of Milwaukee County Circuit Court case No. 14CF4230 (the "4230 action") involving Anderson.
Anderson filed a motion for reconsideration in this action. Judge Dee entered an order denying the motion for reconsideration.
Subsequently, Anderson filed a notice of appeal in both actions. However, on April 9, 2018, Anderson filed a notice of voluntary dismissal of his appeal of the 4230 action, and we entered an order dismissing that appeal. See State v. Anderson , No. 17AP2164, unpublished op. and order (WI App Apr. 12, 2018). Thus, the only issues before this court are those raised with respect to the 5497 action.
We refer to Judge Hanrahan as the trial court and Judge Dee as the reconsideration court.

We observe that if the trial court had wanted Anderson to receive dual credit it could have ordered the sentences be concurrent to any other sentence. See State v. Boettcher , 144 Wis. 2d 86, 99-100 & n.4, 423 N.W.2d 533 (1988).

We note that Anderson's briefs cite numerous cases and several other statutes, and make conclusory statements about their significance to this appeal. However, Anderson has not developed his arguments and, therefore, we decline to address them. See State v. Pettit , 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).